THE STATE v. CHAS. R. CARTER, *Appellant.*

1. **Criminal Law**: PRACTICE : DISMISSAL OF DEFENDANT'S APPEAL. A writ of error or appeal will not be heard where the party taking it has escaped from the jurisdiction of the court.

2. ——— : ——— : ———. Where it is shown by the affidavit of the sheriff that pending the appeal of a defendant in a criminal cause he has escaped from custody, and he refuses to obey the order of the appellate court thereupon made to surrender and place himself in position to abide the result of the judgment upon his appeal, the appellate court will dismiss the appeal.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

APPEAL DISMISSED (*on motion*).

*B. G. Boone*, Attorney General, and *R. F. Walker* for the motion.

A writ of error or appeal will not be heard in criminal cases when the party suing it out has escaped from the jurisdiction of the court. 1 Chit. Cr. L. 663 ; Whart. Cr. Pl. and Pr. ( 8 Ed.) sec. 774*a*; *State v. Rippon*, 2 Bay. (S. C.) 99 ; *Anon.*, 31 Me. 592 ; *Sherman v. Commonwealth*, 14 Gratt. 677 ; *Commonwealth v. Leftwich*, 20 Gratt. 723 ; *Commonwealth v. Andrews*, 97 Mass. 543 ; *Commonwealth v. Bale*, 15 Mass. 133 ; *Commonwealth v. Costello*, 121 Mass. 371 ; *People v. Genet*, 59 N. Y. 80 ; *Wilson v. Commonwealth*, 10 Bush. 526 ; *Smith v. United States*, 94 U. S. 97 ; *State v. Woodson*, 19 Fla. 549 ; *People v. Redinger*, 55 Cal. 290 ; *Sargeant v. State*, 96 Ind. 63 ; *State v. Sites*, 20 W. Va. 13 ; *Warwick v. State*, 73 Ala. 486 ; *McGowan v. People*, 44 Am. Rep. 87.

SHERWOOD, J.—Carter, the defendant, was indicted for the crime of murder in the first degree, to-wit, the

killing of one Robert Crockett. He was convicted of that offense, sentenced to be hanged, and being confined in jail awaiting the result of his appeal, made his escape and is still at large. The fact of his escape is shown by the affidavit of the sheriff of Lawrence county.

The cause of the defendant was docketed for the last term of this court; but he being still at large, the state, by its proper officer, moved that the appeal of the defendant be dismissed in consequence of his escape. Whereupon this court at it last term ordered that if the defendant did not on or before the first day of this term return and surrender himself and thus place himself in a position to abide the result of the judgment of this court upon said appeal, the same should be dismissed.

As this case is one of first impression in this state, it is not improper to discuss the grounds upon which the order aforesaid was made. The elaborate and carefully prepared brief on behalf of the state in support of the motion to dismiss, leaves nothing to be desired ; and obviates any necessity for further research among the authorities. Speaking on the issue raised by the motion Wharton says : "A writ of error will not be heard, where the party suing it out has escaped from the jurisdiction of the court." Whart. Crim. Pl. and Prac. (8 Ed.) sec. 774a. It is only necessary to refer to the numerous authorities collated by the industry of the gentleman who represents the state in this behalf, to show that the doctrine announced by Wharton is asserted by all of them. The principle announced being this : That a party appealing, who breaks jail pending such appeal, is in contempt of the authority of the court and of the law, and places himself in a position to speculate on the chances for a reversal, meanwhile, keeping out of the reach of justice, and prepared to render the judgment of reversal nugatory or not at his option. To permit.

such a course of conduct to be successful would be trifling with justice and will not be tolerated. And the fact that a *capias* could be awarded and a prisoner arrested when so at large cuts no figure in the case.

As the defendant has failed to surrender himself in compliance with our order, his appeal will be dismissed; and it is so ordered. All concur.