STATE of Missouri, Respondent,

v.

Maureen WRIGHT, Appellant.

No. WD 39867.

Missouri Court of Appeals,
Western District.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1988.

Application to Transfer Denied
Feb. 14, 1989.

Donald W. Petty, Gladstone, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Robert V. Franson (argued), Asst. Atty. Gen., Jefferson City, for respondent.

Before COVINGTON, P.J., and NUGENT and GAITAN, JJ.

NUGENT, Judge.

Defendant Maureen Wright appeals from her conviction on February 18, 1987, of felony possession of marijuana, § 195.020. On September 14, 1987, the trial court sentenced her to five years imprisonment and fined her one thousand dollars. From this conviction and sentence the defendant appeals.

Appeal dismissed.

Highway Patrol Troopers James Ripley and Lt. Harold Battmer stopped a rented car driven by co-defendant Rudolph Allen for speeding. Ms. Wright, who had rented the car in her name, sat in the passenger seat. Mr. Allen's responses to Trooper Ripley's general questions, particularly the fact that he did not know his "girlfriend's" name aroused the trooper's suspicion. Both Mr. Allen and Ms. Wright orally consented to the trooper's request to search the car, but both refused to sign the consent form.

The search of the trunk revealed a large trash bag containing one-pound bags of marijuana, one of which was immediately visible upon opening the trunk. The troopers also found some clothing belonging to Ms. Wright in the trunk.

The court held a pretrial hearing on the defendant's motion to suppress the evidence taken in the search of the car. Both Ms. Wright and Mr. Allen denied having given their oral consent to the search. Trooper Ripley testified that Mr. Allen told him, "Sure. Go ahead," when he asked for permission to search the car. However, Mr. Allen refused to sign the consent form, stating that because Ms. Wright held the lease, she should make the decision. Ms. Wright agreed to allow Ripley to search the car, but she also refused to sign the consent form. The trial judge stated that he believed the testimony of Trooper Ripley. Finding that the defendants' oral consent was sufficient to support the search, he overruled the motion to suppress.

After a trial, the jury returned a verdict of guilty against both defendants. In *State v. Allen*, 744 S.W.2d 865 (Mo.App. 1988), we affirmed the trial court's ruling on the motion to suppress. Nevertheless, we reversed Mr. Allen's conviction, finding the evidence insufficient to support his conviction.

Following her conviction, Ms. Wright posted bond and was released on February 18, 1987, pending sentencing. She failed to

appear for sentencing on March 31, 1987, however, and the court issued a capias warrant for her arrest. The Lafayette County Sheriff arrested her on September 14, 1987. On that date the court sentenced her to five years in prison. This appeal followed.

On appeal the defendant argues that the trial court erred in overruling her motion to suppress the evidence and that the evidence was insufficient to support her conviction. Before reaching the merits, however, we must consider the state's motion to dismiss the appeal. The state argues that by failing to appear for her sentencing and remaining at large for five and one-half months the defendant forfeited her right to appeal. We agree.

The "escape rule" operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice. Several rationales support this rule. In *State v. Carter*, 98 Mo. 431, 11 S.W. 979 (1889), the first Missouri case to apply the escape rule, the court discussed its need for control over the defendant before rendering its decision on the appeal. Without such control the defendant "places himself in a position to speculate on the chances of reversal, meanwhile keeping out of the reach of justice, and prepared to render the judgment of reversal nugatory or not, at his option." *Id.* 11 S.W. at 980. Ms. Wright who has been returned to custody, no longer has this option. Therefore, the *Carter* rationale does not apply to her case hand.

A second rationale for the escape rule appears in *State v. Kearns*, 743 S.W.2d 553 (Mo.App.1987). In *Kearns* the defendant, who remained free on bond following his conviction, failed to appear for sentencing and remained at large for nearly six years. The court noted the inapplicability of the control rationale of *Carter* but found that administrative problems caused by the defendant's long absence justified a finding that he had forfeited his right to appeal. *Id.* at 554. Additionally, the long delay created "almost certain prejudice to the state in the event of a remand for a new trial." *Id.* The court advanced other rea-

sons for the rule including: discouraging escape, encouraging surrender, and promoting the dignified operation of the appellate court. *Id.* at 555 (citing *United States v. Puzzanghera*, 820 F.2d 25 (1st Cir.1987).

Defendant Wright argues that the state will suffer no prejudice under the circumstances of this case because a favorable disposition of either of her points of error would require a judgment of acquittal and no retrial would be necessary. The state would not, therefore, face the problems of relocating witnesses and preserving evidence. She also seeks to distinguish the nearly six year hiatus in *Kearns* from the five and one-half month absence in the present case. To support this proposition she cites the following language from *Kearns*. "[W]e are not to be taken as holding that every disappearance of whatever duration and under all circumstances, results in an irrevocable forfeiture of the right to appeal...." 743 S.W.2d at 555.

We must determine here whether the escape rule applies to a defendant who absconded while free on bail and remained a fugitive from justice until her arrest five and one-half months later. Even if we assume that the state's ability to present the case against her was not prejudiced by her absence, a more compelling reason persuades us to apply the escape rule to this case.

The escape rule preserves respect for the system of justice under which Ms. Wright was convicted and to which she now comes for relief from her conviction. *See Puzzanghera*, *supra*, 820 F.2d at 26. That system favors law over expediency. Under it the law applies equally to those who enforce the criminal law and those who become the targets of that enforcement. Therefore, when the police violate the constitution in their effort to enforce the criminal law, the same law permits the release of even a guilty suspect. *See Mapp v. Ohio*, 367 U.S. 643, 659, 81 S.Ct. 1684, 1693–94, 6 L.Ed.2d 1081 (1961) ("The criminal goes free, if he must, but it is the law that sets him free.").

Those who seek the protection of this legal system must, however, be willing to

abide by its rules and decisions. Ms. Wright comes before this court seeking vindication of her Fourth Amendment rights. Earlier, however, when she absconded she showed her reluctance to accept the decision of the trial court or to await the vindication of her rights by this court. She may not selectively abide by the decisions of the courts. *Wayne v. Wyrick,* 646 F.2d 1268, 1271 (8th Cir.1981). By absconding, she has forfeited her right to appeal. *See also Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970) (Escape "disentitles the defendant to call upon the resources of the Court for determination of his claims.").

Accordingly, we sustain the state's motion to dismiss the appeal.

All concur.