STATE of Missouri, Respondent,

v.

Cornelius MORROW, Appellant.

No. WD 41980.

Missouri Court of Appeals, Western District.

March 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1990.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

PER CURIAM:

Cornelius Morrow was convicted by a jury of one count of burglary in the first degree (§ 569.160, RSMo 1986)[1] and two counts of forcible sodomy (§ 566.060). He received a five-year suspended sentence on the burglary count and two concurrent ten-

1. All references to statutes are to Revised Statutes of Missouri, 1986, unless stated.

year sentences on the sodomy counts. He now appeals, claiming that there was insufficient evidence to sustain his conviction and that the trial court gave an erroneous "hammer" instruction to the jury.

The appeal is dismissed.

Following his convictions on July 25, 1988, Mr. Morrow was released on bond pending sentencing. On September 27, 1988, after he failed to appear at his sentencing hearing, a warrant was issued for his arrest. Mr. Morrow was arrested on March 30, 1989, and he was sentenced five weeks later. This appeal followed.

On appeal, the state argues that, by failing to appear at his sentencing and remaining at large for six months, Morrow has forfeited his right to appeal. In support of its argument, the state cites *State v. Wright*, 763 S.W.2d 167 (Mo.App.1988). In *Wright*, the defendant was released on bond following her conviction for the possession of marijuana. She then failed to appear for sentencing and remained at large for five and one-half months. This court determined that she had forfeited her right to appeal, stating:

> Those who seek the protection of this legal system must ... be willing to abide by its rules and decisions. Ms. Wright comes before this court seeking vindication of her Fourth Amendment rights. Earlier, however, when she absconded she showed her reluctance to accept the decision of the trial court or to await the vindication of her rights by this court. She may not selectively abide by the decisions of the courts. *Wayne v. Wyrick*, 646 F.2d 1268, 1271 (8th Cir.1981). By absconding, she has forfeited her right to appeal. *See also Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970) (Escape "disentitles the defendant to call upon the resources of the Court for determination of his claims.").

763 S.W.2d at 168–69. The rationale of *State v. Wright* is applied to this case.

Accordingly, the appeal is dismissed.