**Danny STRADFORD,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

**No. 56759.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 27, 1990.

John A. Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 29.15 motion. We affirm.

A jury convicted movant of first degree assault; he failed to appear for sentencing and pursuant to an arrest warrant was apprehended roughly one month later. Upon being placed in the county jail, movant escaped, but was again apprehended. The trial court sentenced him to a fifteen year prison term. Movant filed a notice of appeal, but later voluntarily dismissed his direct appeal.

In his pro se and amended Rule 29.15 motions, movant made various claims of ineffective assistance of trial counsel. The state filed a motion to dismiss based on movant's failure to appear for sentencing and his subsequent escape from custody. The trial court issued detailed findings of fact and conclusions of law and, following the "escape rule," dismissed movant's Rule 29.15 motion.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

■ The "escape rule," traditionally articulated, "operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice." *State v.*

*Wright*, 763 S.W.2d 167, 168 (Mo.App. 1988). *See also State v. Gilmore*, 727 S.W.2d 469 (Mo.App.1987). "[E]scape ... disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970). One compelling rationale for this rule is that it serves to preserve respect for the criminal justice system. *Wright*, 763 S.W.2d at 168. The motion court, following this rationale, concluded that the escape rule applies equally to deny the right to postconviction relief. We agree. The court in *Wright* observed:

Those who seek the protection of this legal system must, however, be willing to abide by its rules and decisions. [The defendant] comes before this court seeking vindication of her Fourth Amendment rights. Earlier, however, when she absconded she showed her reluctance to accept the decision of the trial court or to await the vindication of her rights by this court. She may not selectively abide by the decisions of the courts.

*Id.*

Here, movant seeks vindication of his Sixth Amendment right to effective assistance of counsel. Earlier, he attempted the self help remedy of escape. While the applicability of the escape rule to a request for postconviction relief has not been addressed directly by a Missouri court, support for the trial court's ruling can be found in other cases. *See People v. Barker*, 71 A.D.2d 902, 419 N.Y.S.2d 617 (1979); *Fowler v. Leeke*, 509 F.Supp. 544, 546 n. 3 (D.S.C.1979); *but see State Board of Corrections v. Smith*, 238 Ga. 565, 233 S.E.2d 797 (1977). In any event, it seems logical that a principle of law which would deprive an escapee of the right to appeal a possibly legitimate issue would also serve to deprive him of the right to challenge his counsel's performance at trial. As Judge Hill stated in his dissent in *Smith, supra:*

This court has more cases than it can properly handle. In my view, this court should not be consuming time and exerting effort on behalf of escapees who by the act of escaping have thumbed their noses at the courts, law enforcement officers, and the public.

In my view, escapees waive the right to complain of errors at the trial. The United States Supreme Court has said: "This Court itself has long followed the practice of declining to review the convictions of escaped criminal defendants.... Thus in *Molinaro v. New Jersey*, 396 U.S. 365 [90 S.Ct. 498, 24 L.Ed.2d 586] (1970), we dismissed the appeal of an escaped criminal defendant, stating that no persuasive reason exists to adjudicate the merits of such a case and that an escape 'disentitles the defendant to call upon the resources of the Court for determination of his claims.'... In *Allen v. Georgia*, 166 U.S. 138 [17 S.Ct. 525, 41 L.Ed. 949] (1897), we upheld as against a constitutional due process attack a state court's dismissal of the appeal of an escaped prisoner and its refusal to reinstate the appeal upon his later recapture." *Estelle v. Dorrough*, 420 U.S. 534 [95 S.Ct. 1173, 43 L.Ed.2d 377] (1974).

In *Allen v. Georgia, supra*, the Supreme Court quoted approvingly from *Commonwealth v. Andrews*, 97 Mass. 543, as follows: "So far as the defendant had any right to be heard under the Constitution, he must be deemed to have waived it by escaping from custody, and the failing to appear and prosecute his exceptions in person according to the order of court under which he was committed."

*In my view, so far as the defendant ... had any right to be heard under the Constitution, he must be deemed to have waived it by escaping from custody.*

*Smith*, 233 S.E.2d at 799 (Hill, J., dissenting) (emphasis ours).[1]

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Ex gratia, we have reviewed movant's pro se and amended Rule 29.15 motions. They are devoid of *facts* showing a right to relief; hence we believe the motion court could have properly denied the motion on this basis.