STATE of Missouri,
Plaintiff–Respondent,

v.

Dewayne GILLISPIE,
Defendant–Appellant.

Dewayne GILLISPIE,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16405, 16628.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1990.

Janet M. Thompson, Columbia, for defendant-appellant, and movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., for plaintiff-respondent.

SHRUM, Judge.

The two-count information in this case charged defendant,[1] in violation of § 570.120, RSMo,[2] with commission of two class D felonies of passing bad checks. The information charged this offense occurred by defendant, with the purpose to defraud, passing a $400.00 check and a $675.00 check to Tri County State Bank, drawn on a non-existent account with Landmark KCI Bank. The case was tried to the court on June 18, 1987, and defendant was found guilty on both counts. A presentence investigation was ordered and sentencing was scheduled for July 20, 1987. On July 20, 1987, the defendant did not appear. His bond was forfeited and a capias warrant was issued. On May 18, 1989, defendant appeared and was sentenced to two years in the Department of Corrections on each count, with the sentences to run concurrently.

On appeal, defendant challenges the sufficiency of the evidence of intent to defraud and also claims the trial court committed plain error in certain rulings on evidence.

Defendant sought post-conviction relief by filing a timely motion under Rule 29.15, in which defendant claimed: (a) the trial court exceeded its jurisdiction in sentencing because Count II, "Attempt[ing] to Pass [a] Bad Check," is a misdemeanor, and Count I, "Passing [a] Bad Check under $150," is a misdemeanor; (b) the trial court failed to credit all time served by the defendant, and (c) the trial court failed to place proper value on the check as prescribed by Missouri statutes. The trial court returned findings of fact, conclusions of law, and a

---

1. Dewayne Gillispie will be referred to in this opinion as defendant in both the criminal appeal (No. 16405) and in the Rule 29.15 appeal (No. 16628).

2. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise noted.

judgment denying defendant's request for post-conviction relief.

 Defendant's appeal from the trial court's denial of relief under Rule 29.15 was consolidated with his appeal of the conviction. The State has, by motion and by the first point in its brief, sought dismissal of defendant's conviction appeal on the ground that defendant forfeited his right to appeal that judgment by failing to appear for sentencing and remaining at large for approximately 21 months after the date he was to appear for sentencing. The court agrees with that contention and will dismiss the conviction appeal for that reason.

The "escape rule" was first applied in Missouri in *State v. Carter*, 98 Mo. 431, 11 S.W. 979 (1889). The rule operates to deny the right of appeal to one, who, following conviction, has attempted to escape justice. *State v. Wright*, 763 S.W.2d 167, 168 (Mo. App.1988). This court has applied the rule, saying:

> "Missouri has long had the rule that a defendant who escapes or flees the jurisdiction of its courts either during trial or in the process of post-trial proceedings forfeits his rights to an appeal upon the merits of the cause." ... In one form or another, this principle is recognized by most courts, including the United States Supreme Court.

*State v. Kearns*, 743 S.W.2d 553, 554 (Mo. App.1987). Defendants have been found to have forfeited their right to appeal by failure to appear for sentencing as in *Wright, supra,* and *Kearns, supra.* Appeals have been dismissed where defendant was ordered to appear after sentencing but before the merits of the appeal had been reached by the appellate court. *State v. Peck,* 652 S.W.2d 244, 245 (Mo.App.1983).

Defendant is correct in his claim that not every disappearance, of whatever duration and under all circumstances, results in forfeiture of the right to appeal. *Kearns, supra,* at 555. However, the various reasons given in *Wright, supra,* for the development of the escape rule compels this court to find that defendant, in this case, has forfeited his right to appeal his conviction. In *Wright,* the court applied the es-cape rule to dismiss the appeal of defendant, who had been a fugitive from justice for 5½ months. In *Wright,* the court noted that:

> Those who seek the protection of this legal system must, however, be willing to abide by its rules and decisions. ... She may not selectively abide by the decisions of the courts.

*State v. Wright,* 763 S.W.2d at 168–69. Also see *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498–99, 24 L.Ed.2d 586, 588 (1970), where the court held "[E]scape ... disentitles the defendant to call upon the resources of the Court for determination of his claims." The same rationale applies in this case where defendant had absented himself for 21 months after his conviction.

Accordingly, the judgment in appeal No. 16405 is affirmed and the appeal is dismissed.

 When the conviction appeal (No. 16405) was consolidated with the Rule 29.-15 appeal (No. 16628), the State's motion to dismiss did not request dismissal of the Rule 29.15 appeal. However, defendant filed a single brief for both appeals. The brief filed assigned no error to the denial of defendant's Rule 29.15 motion. No claim of error having been raised with reference to the trial court's judgment on the Rule 29.15 motion, defendant had abandoned his Rule 29.15 appeal. *State v. Mayo,* 784 S.W.2d 897 (Mo.App.1990). The judgment in Appeal No. 16628 is affirmed and the appeal is dismissed.

HOGAN, C.J., FLANIGAN, P.J., and MAUS, J., concur.