STATE of Missouri, Respondent,

v.

Neil SCHLEEPER, Appellant.

Neil SCHLEEPER, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56278, 58064.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 13, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 26, 1991.

Application to Transfer Denied
May 3, 1991.

Dorothy Mae Hirzy, Clayton, Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from defendant's conviction for first degree assault and armed criminal action. Defendant was sentenced by the court as a dangerous offender to two consecutive sentences of twenty-five years' imprisonment each. Defendant also appeals from the denial of his Rule 29.15 motion. Appeals dismissed.

On February 21, 1989, defendant filed notice of appeal. On August 2, 1989, defendant filed a *pro se* motion. On September 5, 1989, defendant escaped from the Missouri Training Center for Men. On September 7, 1989, defendant was recaptured. On September 28, 1989, the State filed a motion to dismiss defendant's appeal because defendant absconded from the legal custody of the State of Missouri Department of Corrections when he escaped and therefore waived his right to appeal. This motion was taken with the case on appeal.

The escape rule operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice. *State v. Wright,* 763 S.W.2d 167, 168 (Mo. App.1988). Several rationales apply: the need to maintain control over a defendant before a court renders its decision on an appeal (*see State v. Carter,* 98 Mo. 431, 11 S.W. 979, 980 (1889)); a defendant's extended absence creates administrative problems for an appellate court and almost certain prejudice to the state (*see State v. Kearns,* 743 S.W.2d 553, 554 (Mo.App.1987)); and to preserve respect for the criminal justice system (*see Stradford v. State,* 787 S.W.2d 832, 833[2] (Mo.App.1990). The escape rule applies to direct appeals (*see Wright,* 763 S.W.2d at 167), as well as postconviction relief appeals (*see Stradford,* 787 S.W.2d at 833[2, 3]).

Defendant argues the escape rule should not apply to him because there is no evidence that he has been found guilty of an escape; indeed, he contends he has challenged the charge of escape. Defendant cites no authority which provides the escape rule only applies where a defendant has been found guilty of the charge of escape.

In any event, defendant, in his Rule 29.15 motion admitted he escaped:

> (Prosecutor) Q: Now, I want to direct your attention next to the Labor Day weekend of 1989. Did you [defendant] and your roommate ... escape from the Moberly prison at that time?
>
> (Defendant) A: Yes.

Thereafter defendant's attorney objected and advised defendant to not answer any further questions on the subject. This admission by defendant in addition to the evidence that defendant absconded from the Moberly prison on September 5, 1989, and was at large until his recapture on September 7, 1989, is enough to apply the escape rule.

Defendant also argues that no administrative problems or prejudice to the State occurred because he was only missing for two or three days before he was restored to custody. However, in the cases of *Wright,* 763 S.W.2d at 168; *Kearns,* 743 S.W.2d at 554; and *Stradford,* 787 S.W.2d at 832, the rule was applied after defendants had been recaptured and placed back in custody.

Furthermore, defendant neglects to consider the applicable rationale found in *Wright:*

> Those who seek the protection of this legal system must, however, be willing to abide by its rules and decisions.... when [he] absconded [he] showed [his] reluctance to accept the decision of the trial court or to await vindication of [his] rights by this court. [He] may not selectively abide by the decisions of the courts.... By absconding, [he] has forfeited [his] right to appeal.... (Citations omitted.)

*Id.* at 168–169. Accordingly, we dismiss defendant's direct and postconviction relief appeals.

Appeals dismissed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.