**Charles RULO, Movant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 58867.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1991.

Michael M. Frank, St. Louis, Philip K. Gebhardt, Friedman and Gebhardt, Creve Coeur, for movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The motion court dismissed movant's motion for post conviction relief because movant waived his right to file any post conviction motion by fleeing the courtroom after the entry of a guilty plea to the charge of stealing a motor vehicle but prior to the imposition of a sentence. The court applied the escape rule which operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice. *State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988). The escape rule applies to post conviction relief proceedings. *State v. Thomas,* 792 S.W.2d 66, 67 (Mo. App.1990); *Stradford v. State,* 787 S.W.2d 832, 833 (Mo.App.1990); *State v. Morrow,* 787 S.W.2d 821, 822 (Mo.App.1990). One rationale for the rule is, "Those who seek the protection of this legal system must, however, be willing to abide by its rules and decisions." *Wright,* 763 S.W.2d at 168–169. By absconding defendant forfeited rights to appeal. *Id.*

■ Movant accepts application of the escape rule to direct appeals and motions filed under Rule 29.15. However, he contends the rule has no application after a guilty plea where post conviction relief is sought under Rule 24.035. We disagree. The rationale expressed in *Wright* is equally applicable to Rule 24.035 proceedings.

■ Movant also contends application of the escape rule in Rule 24.035 proceedings "unconstitutionally suspends the privilege of the writ of habeas corpus in violation of state and federal constitutional provisions." This claim fails because post conviction relief rules operate independently of habeas corpus relief. Enactment of such rules together with the adoption of reasonable and effective procedures does not amount to a suspension of habeas corpus. *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989). A motion for post conviction relief relying on Rule 24.035 is not the equivalent of a petition for habeas corpus. *Id.* at 572.

■ Finally, movant claims the court erred in dismissing the motion sua sponte by applying the escape rule as a matter of law. He relies on the provisions of Rule 24.035(g) and (i). Due to the summary dismissal, the court did not rule on movant's timely request for a hearing or to make findings of fact and conclusions of law. Because movant acknowledges his escape, dismissal as a matter of law was warranted and no hearing was required. The order referred to movant's waiver of his right to relief by fleeing the courtroom at the time he was scheduled to be sentenced. The finding movant did escape and application of the rule of law was sufficient to comply with the requirements of Rule 24.035.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.