**STATE of Missouri, Respondent,**

v.

**Lynda R. BRANCH, Appellant.**

**Nos. WD 41852, WD 43416.**

Missouri Court of Appeals,
Western District.

April 30, 1991.

John Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and
KENNEDY and FENNER, JJ.

SHANGLER, Judge.

The defendant Lynda Branch was charged with first degree murder, convicted by a jury, and sentenced to a term of life imprisonment without possibility of parole for fifty years. That conviction was reversed and the cause remanded for a new trial. *State v. Branch*, 757 S.W.2d 595 (Mo.App.1988). The venue was changed to Boone County upon the remand, the cause was retried to a jury, and the defendant Lynda Branch was again convicted of first degree murder, and sentenced to a term of life imprisonment without possibility of parole for fifty years.

The defendant filed a notice of appeal of the conviction and, then conformably with the procedures of Rule 29.15, brought a post-conviction motion to set aside the conviction and sentence, and appealed the order that denied relief. Those appeals were consolidated for our review.

The State moved to dismiss appeal in this court on the ground that by her escape from lawful custody and disobedience to the orders of the court, the defendant forfeited any right to call upon that same court for redress in the same cause. The defendant had been released by the trial court on a $100,000 surety bond pending trial. One of the conditions for release was that the accused obey the orders of the court to appear. Rule 33.01. She failed to appear as ordered for sentencing on April 3, 1989, and the prosecutor moved for forfeiture of the bond. The hearing on the motion was scheduled for May 1, 1989, and the court directed that a capias warrant issue to the sheriff for the defendant's arrest. She was found in Moniteau County on about April 6, 1989, and returned to Boone County. She was brought before the court on April 10, 1989, and sentenced to a term of life imprisonment without possibility of parole.

We took the motion to dismiss the appeal with the case, received the briefs of counsel, heard oral argument, took the case under submission, and now order that the appeal from the conviction, as well as the appeal from the post-conviction order, be dismissed.

The escape rule operates to deny the right of appeal to a defendant who, following conviction, attempts to escape justice. *State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988). The principle was first given effect in *State v. Carter,* 98 Mo. 431, 11 S.W. 979 (1889) and has since become entrenched in our criminal jurisprudence. It has been supported by rationales as diverse as the circumstances that gave necessity to its operation. *State v. Wright,* 763 S.W.2d at 169. In the case of a convicted defendant who escaped during appeal, the dismissal was justified by the need of the court to control the defendant before rendering the decision on appeal. A convicted defendant could not be allowed to remain out of the reach of justice, and to decide to return to the control of the court only after an acquittal by the appeal decision. *State v. Carter,* 11 S.W. at 980.

In the case of a convicted defendant in custody at the time of appeal, but after a five-year escape between conviction and sentencing, the dismissal was justified by the administrative problems and prejudice to the state caused by prolonged absence. *State v. Kearns,* 743 S.W.2d 553, 554 (Mo. App.1987).

In the case of an escaped convicted defendant in custody at the time of appeal, but only after a five-month escape between conviction and sentencing, and even in the absence of prejudice to the state, the dismissal was justified by a more fundamental principle: preservation of public respect for our system of law. "Those who seek the protection of this legal system must ... be willing to abide by its rules and decisions." *State v. Wright,* 763 S.W.2d at 108; *Stradford v. State,* 787 S.W.2d 832, 833[2, 3] (Mo.App.1990).

The defendant argues that a substantive review on the merits of her appeal would foster a greater respect for the law than the peremptory dismissal of the appeal under the principle of *Wright,* especially since the absence from custody was only for a brief three days. *Wright* transliterates into pith what the United States Supreme Court already spoke:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicible case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 500, 24 L.Ed.2d 586 (1970).

It is the escape and not the lapse of days the escape measures that operates to disentitle the right of appeal under *Molinaro* and *Wright.* In *State v. Schleeper,* 806 S.W.2d 459 (Mo.App.1991), the convicted defendant was recaptured and returned to the custody of the court two days after escape. In consequence, the appeals from both the conviction and the denial of post-conviction remedy were dismissed. *See also Stradford v. State,* 787 S.W.2d 832 (Mo.App.1990).

The appeals in *State v. Branch,* No. WD 41852 and *Branch v. State,* No. WD 43416 are dismissed.

All concur.