**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Lowell E. WOODS, Defendant–
Appellant.**

**Lowell E. WOODS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**Nos. 16788, 17208.**

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 1991.

J. Bryan Allee, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Presiding Judge.

A jury found appellant guilty of receiving stolen property on December 11, 1987. On that date a hearing on a contemplated motion for new trial and sentencing if it was denied was set for January 19, 1988. A motion for new trial was filed on behalf of defendant, but he did not appear on January 19, 1988. The record indicates the court did not know why he did not appear. Appellant was ultimately sentenced on January 16, 1990. He filed a direct appeal from the conviction and filed a motion under Rule 29.15 to vacate his conviction and sentence. The trial judge denied the motion without an evidentiary hearing.

■ Respondent has filed a motion to dismiss the appeals based on the "escape rule." Among other situations it denies the right of appeal to one who, following conviction, wilfully fails to appear for sentencing. See *State v. Gillispie*, 790 S.W.2d 519 (Mo.App.1990); *State v. Kearns*, 743 S.W.2d 553 (Mo.App.1987).

■ The "escape rule" also applies to motions for postconviction relief. *Stradford v. State*, 787 S.W.2d 832 (Mo.App. 1990). See also *Branch v. State*, 811 S.W.2d 11 (Mo.App. W.D. 1991); *State v. Schleeper*, 806 S.W.2d 459 (Mo.App.1991) (escape rule applies to direct appeal and to postconviction relief appeals under Rule 29.15). This was the basis for the trial court's denial of appellant's postconviction motion.

■ Appellant's attempt to rely upon the rationale of *Sinclair v. State*, 708 S.W.2d 333 (Mo.App.1986), is unavailing. *Sinclair* involved an attempt to escape and its reasoning and holding is limited to that situation.

Appellant also contends that the escape rule should not apply to proceedings for postconviction relief because "such doctrine impermissibly imposes a bar to appellant's right to habeas corpus which is encompassed by Missouri Supreme Court Rule 29.15." That contention is based on an improper premise. In applying the escape rule to postconviction relief matters, *Rulo v. State*, 804 S.W.2d 866, 867 (Mo. App.1991), states:

> Movant also contends application of the escape rule in Rule 24.035 proceedings "unconstitutionally suspends the privilege of the writ of habeas corpus in violation of state and federal constitutional provisions." This claim fails because post conviction relief rules operate independently of habeas corpus relief. Enactment of such rules together with the adoption of reasonable and effective procedures does not amount to a suspension of habeas corpus. *White v. State*, 779 S.W.2d 571, 573 (Mo.banc 1989). A motion for post conviction relief relying on Rule 24.035 is not the equivalent of a petition for habeas corpus. *Id.* at 572.

Appellant went to Oklahoma where he committed a criminal offense, was jailed, convicted and incarcerated. After serving the sentence there he was brought back to Missouri. The record indicates no attempt by appellant to notify the trial court that

he would not be present on January 19, 1988. The only excuse offered by defendant for not appearing is that he was in jail in Oklahoma at that time. Even if true, and the record does not establish it, that is no excuse as the conviction in Oklahoma shows that it was appellant's illegal action that caused him to be absent. Appellant's actions have denied him the right of appeal. Cf. *Angel v. State*, 386 P.2d 645 (Okla. Crim.App.1963); *Savage v. State*, 83 Okl. Crim.App. 156, 174 P.2d 272 (1946); *Duggins v. State*, 82 Okl.Crim.App. 357, 170 P.2d 266 (1946).

The motion to dismiss the appeals is sustained. The appeals are dismissed.

CROW and PARRISH, JJ., concur.