**STATE of Missouri, Respondent,**

v.

**Ricky SMITH, Appellant.**

**Ricky SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 55425, 58743.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

Defendant, Ricky Smith, appeals from his conviction by a jury of assault, first degree, § 565.050 RSMo.1986, and armed criminal action, § 571.015 RSMo.1986. The court sentenced defendant to consecutive sentences of ten years imprisonment on the assault count and five years imprisonment on the armed criminal action count. Defendant also appeals from the denial of his Rule 29.15 motion. We dismiss both appeals.

■ After conviction, defendant failed to appear for formal sentencing. He was arrested more than a year later, 439 days later to be exact. About a month after that, defendant was formally sentenced and properly remanded to the Department of Corrections to serve his prison terms. The state contends that defendant forfeited his right to appeal by absconding and failing to appear voluntarily for sentencing. We agree.

Defendant does not contend he has a constitutional right to appeal. *See, State ex rel. Garnholz v. LaDriere,* 299 S.W.2d 512, 515 (Mo. banc 1957); *State v. Galvan,* 744 S.W.2d 510, 511 (Mo.App.1988); *McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 914, 38 L.Ed. 867, 868 (1894). We have the authority to deny a defendant the right of appeal if, after conviction, he has absconded, preventing the orderly administration of justice. *See, e.g. State v. Wright,* 763 S.W.2d 167, 168–69 (Mo.App. 1988); *see also, State v. Carter,* 98 Mo.

431, 11 S.W. 979, 980 (1889); *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586, 588 (1970).

This so called "escape rule" rests on a number of rationales. It protects the state from "almost certain prejudice ... in the event of a remand for a new trial." *State v. Kearns,* 743 S.W.2d 553, 554 (Mo.App. 1987). It also discourages escapes, encourages surrender and promotes the expeditious processing of appeals. *Id.* at 555. Moreover, it preserves proper respect for the justice system under which the defendant who absconded belatedly seeks relief. *Wright, supra,* 763 S.W.2d at 168; *U.S. v. Holmes,* 680 F.2d 1372, 1374 (11th Cir. 1982). "Those who seek the protection of this legal system must, ..., be willing to abide by its rules and decisions." *Wright* at 168–69; *State v. Kempker,* 792 S.W.2d 57, 58 (Mo.App.1990).

Defendant, however, contends "[t]he proper approach [in applying the escape rule] is to determine whether the escape 'substantially hindered the trial court's decision.' *Sinclair v. State,* 708 S.W.2d 333, 336 (Mo.App.1986)." And, since the trial court's decision here—the sentencing of defendant—was ultimately carried out, defendant argues, the trial court's decision was not hindered, and, therefore, his appeal should not be dismissed.

■ To state the obvious, the effective hindrance of a defendant's escape is not the sole criterion when applying the escape rule, *see Wright, Kearns, Kempker, supra,* and, to say the least, this defendant's definition and use of the word "hindrance" is strange. Contrary to defendant's premise and logic, the message to defendants in criminal cases is loud and clear: you cannot selectively use legal principles and rules to suit your convenience or whim. Thus, our courts have dismissed appeals of defendants who absconded from justice for two months, *Kempker* at 59, four months, *State v. Kelley,* 792 S.W.2d 697, 698 (Mo. App.1990), five and one-half months, *Wright* at 168, and six months, *State v. Morrow,* 787 S.W.2d 821, 822 (Mo.App. 1990). The determinative factor in these cases was the defendant's contempt for

and abuse of the judicial system designed to protect him. It was the escape itself, not the duration of the escape, that disentitled the right to appeal in those cases. And, this is likewise true when a defendant who has absconded subsequently seeks relief via a post-conviction motion. *See, e.g.,* *State v. Branch,* 811 S.W.2d 11 (Mo.App. April 30, 1991).

We find no reason to lessen the effect of defendant's conduct here. Accordingly, defendant's direct-appeal, *State v. Smith,* E.D. No. 55425, and post-conviction appeal, *Smith v. State,* E.D. No. 58743, are dismissed.

SMITH, P.J., and CARL R. GAERTNER, J., concur.