STATE of Missouri, Respondent,

v.

Jerry COOK, Appellant.

Jerry COOK, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59456, 60787.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 19, 1992.

Application to Transfer Denied
June 30, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Jerry L. Cook, appeals from his conviction, following a jury trial, for robbery in the second degree. Defendant was sentenced as a prior and persistent offender to imprisonment for fifteen years. Defendant also appeals the dismissal of his Rule 29.15 motion without an evidentiary hearing. Appeals dismissed.

Following his conviction, defendant was ordered to appear for sentencing on June 11, 1990. Defendant failed to appear and a warrant was issued. Defendant was arrested on October 30, 1990, and was finally sentenced on November 20, 1990. The State has moved to dismiss both appeals because he absconded from sentencing.

A person who attempts to escape the justice system is barred from pursuing appeals from either the trial court or the motion court. *State v. Schleeper,* 806 S.W.2d 459, 460 (Mo.App.1991); *Rulo v. State,* 804 S.W.2d 866 (Mo.App.1991). This escape rule preserves the integrity of the criminal justice system by requiring that those who seek its protection to submit to its authority. *Rulo,* 804 S.W.2d at 866.

Here, defendant attempted to avoid the authority of the criminal justice system by failing to appear at his sentencing. He now argues that justice requires the same system to intervene on his behalf. By failing to submit to its· authority, defendant has forfeited his right to seek relief from the criminal justice system.

Appeals dismissed.[1]

GRIMM, P.J., and SATZ, J., concur.

---

**1.** We have reviewed the record, *ex gratia,* and conclude that the State clearly made a submissi- ble case of robbery in the second degree.