**STATE of Missouri, Plaintiff,**

v.

**Terry ODOM, Defendant.**

**Terry ODOM, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 59255, 61549.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 7, 1993.

Application to Transfer Denied
Feb. 23, 1993.

Cruse, Dempsey & Dempsey, P.C., Louis W. Riggs, Hannibal, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

In this consolidated appeal, we review a direct appeal and an appeal from dismissal of a 29.15 motion, after defendant was found guilty by a jury and sentenced for stealing under § 570.030 RSMo 1986 and burglary second degree, § 569.170 RSMo 1986. The direct appeal is dismissed as barred by the escape rule. We also find the motion court properly applied the escape rule in dismissing the Rule 29.15 motion.

After two previous trials for the same offense, defendant was found guilty on April 29, 1987 of burglary second degree and stealing. He then filed a Motion for New Trial on April 29, 1987. Defendant, however, was not sentenced until November 2, 1990. The three and a half year delay was the result of defendant's June 6, 1987 escape.

■ Defendant's direct appeal must be dismissed because of the escape rule. Under that rule, a defendant's right to appeal is denied after an escape. *State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988). The rationale is a defendant should not be allowed to show disrespect for the judicial system and then reap the benefits. *Id.* In the current case, defendant is attempting to do precisely what the escape rule was designed to prevent. Therefore, defendant's direct appeal is dismissed.

■ We also affirm the motion court's dismissal of defendant's 29.15 motion because of the escape rule. Although defendant argues this rule is inapplicable to 29.15 proceeding, this court definitively found that the rule does apply in both *State v. Smith,* 815 S.W.2d 74, 76 (Mo.App. 1991) and *Stradford v. State,* 787 S.W.2d 832, 833 (Mo.App.1990). Defendant in the current case, as in these cases, forfeited his right to post conviction relief when he chose the self-help method of escape. Accordingly, we sustain the motion court's dismissal.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.