Randy L. BROWN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 23346.

Missouri Court of Appeals, Southern District, Division One.

Aug. 18, 2000.

Emmett D. Queener, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Randy L. Brown (movant) appeals the motion court's dismissal of his Rule 29.15 motion based on the "escape rule." This court affirms.

Movant was convicted of the class C felony of forgery. § 570.090.1(4), RSMo 1994. His direct appeal was dismissed based on the "escape rule." *See State v. Brown,* 974 S.W.2d 630 (Mo.App.1998). Movant then filed a *pro se* Rule 29.15 motion. Counsel was appointed and an amended motion filed. The state filed a motion to dismiss the Rule 29.15 motion. The motion alleged that movant had received a jury trial; that after he was found guilty of the offense charged, movant escaped from the Christian County jail and did not appear at his scheduled sentencing. It alleged movant was captured in another state and subsequently sentenced in the forgery case. It further alleged that after movant was captured and returned to Missouri, he was found guilty of felony escape, based on a guilty plea, and sentenced to a term of imprisonment that ran concurrent with his forgery sentence. The motion

court entered judgment granting the state's motion.

*State v. Brown, supra,* explains what transpired in movant's forgery case:

On July 14, 1997, a Christian County jury convicted [movant] on one count of forgery. After his trial and conviction, [movant] escaped from the Christian County jail on July 20, 1997. He had been scheduled for sentencing on September 15, 1997. After failing to appear on September 15, the trial court issued a capias warrant.

[Movant] was arrested in Colorado on October 17, 1997, and was returned to Missouri. On November 19, 1997, he was finally sentenced on his forgery conviction.... [Movant] was sentenced to a term of fifteen years in the custody of the Department of Corrections.

974 S.W.2d at 631.

Movant's sole point on appeal contends the motion court's dismissal of his Rule 29.15 motion violated his due process rights. It contends the denial of the motion was "an excessive response" that "denied the opportunity for review of the independent issue of trial and appellate counsel's representation."

These issues were addressed in *Stradford v. State,* 787 S.W.2d 832 (Mo.App. 1990). *Stradford* was an appeal of a motion court's dismissal of a Rule 29.15 motion directed to a conviction for first degree assault. The movant in *Stradford* failed to appear for sentencing after a jury found him guilty. An arrest warrant issued and he was arrested approximately one month later. After he was incarcerated, but before he was sentenced, the movant escaped from custody. He was apprehended and sentenced to a term of imprisonment. An appeal was filed but voluntarily dismissed and a Rule 29.15 motion filed. The motion court in *Stradford* dismissed the motion on the basis of the "escape rule." The judgment dismissing the motion was affirmed on appeal.

*Stradford* explained, "The 'escape rule,' traditionally articulated, 'operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice.' *State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988). *See also State v. Gilmore,* 727 S.W.2d 469 (Mo.App. 1987). '[E]scape ... disentitles the defendant to call upon the resources of the Court for determination of his claims.' *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970)." 787 S.W.2d at 833. *Stradford* concluded, "[I]t seems logical that a principle of law which would deprive an escapee of the right to appeal a possibly legitimate issue would also serve to deprive him of the right to challenge his counsel's performance at trial." *Id.* This court agrees.

Movant suggests, nevertheless, that a post-conviction proceeding "is an independent and separate proceeding" from his direct appeal. He postulates, therefore, that his conduct in escaping before the criminal proceedings were completed should not adversely affect his post-conviction claim for relief. That argument is not persuasive. Both a direct appeal and a post-conviction proceeding are directed to the judgment rendered in the party's criminal case. Movant's escape from confinement was an attempt to thwart the sentence he now wishes to collaterally attack via a Rule 29.15 proceeding. One seeking protection through the legal system must be willing to abide by its rules and decisions. *See State v. Wright,* 763 S.W.2d 167, 168–69 (Mo.App.1988). The judgment dismissing the motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.