

# Missouri Court of Appeals

## Southern District

In Division

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) No. SD37546 |
| | ) |
| v. | ) **Filed: May 30, 2023** |
| | ) |
| BRIAN MATTHEW SMITH, | ) |
| | ) |
| Appellant. | ) |

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Judge

**<u>AFFIRMED</u>**

Brian Matthew Smith ("Smith") appeals the trial court's judgment convicting him of one count of first-degree harassment, following a jury trial, and sentencing him to three years' imprisonment.[1] In two points, Smith argues there was insufficient evidence from which a rational fact-finder could convict him of the offense because there was no evidence that Smith intended to cause Victim emotional distress by touching her arm (point 1) and that Victim suffered severe emotional distress (point 2). Finding no merit in Smith's points, we affirm the trial court's judgment.

---

[1] *See* § 565.090. All statutory citations are to RSMo 2016 as supplemented through the date of the offense (on or about January 25, 2020), unless otherwise noted.

# Background[2]

Victim, a fourteen-year-old girl, and her mother ("Mother") stopped at a convenience store in Branson to purchase drinks.[3] In the store, Smith approached Victim and asked Victim "if he could buy [them] donuts and alcohol, and [Victim and Mother] could go back to his hotel room and take [their] shirts off for him." Mother told Smith to stop several times and that Victim was a minor. Victim was scared that Smith was going to physically hurt her. Smith then touched Victim on her left arm, moving his hand from her wrist to her elbow, in a "kind of rub." Victim inched closer to her Mother, and Mother told Smith to stop touching Victim. Smith "kind of laughed" and rubbed Victim's arm again. After the second touch, Victim began to tear up. Mother asked Smith several times to leave them alone but Smith persisted in "making rude comments" and followed them to the exit of the store. Mother called the police after leaving the store.

After the incident, Victim had trouble sleeping and became angry and withdrawn. Victim was scared to go out in public with Mother out of fear that something similar might happen. Although Victim had suffered from depression and anxiety before the incident, her doctor had to prescribe medication because her depression and anxiety worsened.

Smith was charged with first-degree harassment under section 565.090, based on the grounds that Smith, "without good cause, touched [Victim] on the arm without consent, with the purpose to cause emotional distress to [Victim], and in doing so,

---

[2] We summarize the evidence in the light most favorable to the verdict. *See* ***State v. Stewart***, 560 S.W.3d 531, 532 (Mo. banc 2018). Additional evidence is set out in the analysis as necessary.

[3] Victim was legally deaf, but could read lips and wore hearing aids.

caused [Victim] to suffer emotional distress." A jury found Smith guilty as charged, and Smith was later sentenced to three years' imprisonment.[4] Smith appeals from that judgment in two points claiming insufficient evidence.

## Standard of Review and Applicable Law

"Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016). "All evidence and inferences favorable to the State are accepted as true, and all evidence and inference[s] to the contrary are rejected." *State v. Porter*, 439 S.W.3d 208, 211 (Mo. banc 2014). "Evidence is sufficient to support a conviction when there is sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt." *State v. Shaw*, 592 S.W.3d 354, 357 (Mo. banc 2019) (quoting *State v. Clark*, 490 S.W.3d 704, 707 (Mo. banc 2016)).

Section 565.090.1 states, "A person commits the offense of harassment in the first degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such person to

---

[4] Smith failed to appear for his original sentencing on January 28, 2022, because he was being held in custody in Indiana for a probation violation. The State asks us to apply the escape rule based on Smith's failure to appear at sentencing. "The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). Application of the rule is based on the fundamental principle that "[t]hose who seek the protection of this legal system must . . . be willing to abide by its rules and decisions." *State v. Wright*, 763 S.W.2d 167, 168-69 (Mo. App. W.D. 1988). The decision to apply the escape rule rests within the sound discretion of this Court. *State v. Freeman*, 619 S.W.3d 550, 663 (Mo. App. S.D. 2021). Because Smith was in custody prior to his sentencing hearing, and, thus, had not escaped justice at the time of his hearing, we decline to apply the escape rule.

3

suffer emotional distress."  Therefore, to convict a defendant of the offense, the State is required to prove four elements:  (1) the defendant engaged in an act, (2) without good cause, (3) with the purpose to cause emotional distress to another person, and (4) that act caused the person to suffer emotional distress.  *Id.*  The State must prove each element beyond a reasonable doubt.  *State v. Holmes*, 626 S.W.3d 339, 342 (Mo. App. E.D. 2021).  Smith does not contest the sufficiency of the evidence of the first two elements but challenges the sufficiency of the evidence of the last two elements.

### Point 1:  Acted with Purpose to Cause Emotional Distress

In point 1, Smith claims the evidence was insufficient to establish Smith rubbed Victim's arm with the purpose of causing Victim emotional distress.  "A person 'acts purposely', or with purpose, with respect to his or her conduct or to a result thereof when it is his or her conscious object to engage in that conduct or to cause that result." § 562.016.2.  Intent is rarely susceptible to direct proof and is usually inferred through circumstantial evidence.  *State v. Perkins*, 640 S.W.3d 498, 502 (Mo. App. S.D. 2022).  "If a jury is convinced beyond a reasonable doubt, so long as the evidence meets the minimal appellate standard required by due process, we need not disturb the result simply because the case depended wholly, mostly, or partially upon circumstantial proof."  *State v. Grim*, 854 S.W.2d 403, 406 (Mo. banc 1993).

Smith argues there was "no evidence" that he intended to cause Victim emotional distress, and that, at most, the evidence demonstrated "an attempt to proposition [Victim] and [Mother] for sexual relations."  The flaw in Smith's argument is that it focuses only on Smith's act of rubbing Victim's arm and ignores the circumstantial evidence that provided context for why Smith committed the act.  In support of his argument, Smith likens his case to *R.M. v. Juvenile Officer*, 625 S.W.3d 779 (Mo.

4

App. W.D. 2021).  In **R.M.**, the Western District of our Court reversed a juvenile defendant's conviction for second degree harassment based on insufficient evidence that the juvenile made a sexually explicit comment to an officer for the purpose of causing emotional distress.[5]  **Id.** at 783.  In so finding, the Court reasoned:

> The circumstances here involve a sexually explicit comment made to a detention aide by a fifteen-year-old juvenile confined in a juvenile detention facility.  The comment was made after the juvenile refused to comply with orders and was being physically removed from a staircase and made along with a number of other comments showing the teenager's disrespect for the aide.  R.M., a troubled adolescent, was "acting out" in a way that communicated his disrespect for the aide but did not demonstrate the purpose to cause emotional distress to her.

**Id.**

The circumstances in Smith's case, in contrast, involve more than a sexually explicit comment made by a minor to an adult.  The circumstances here involve a fourteen-year-old girl being followed and approached by an adult male stranger, Smith, who asks if she'd like to go back to his place and take her shirt off.  Mother ordered Smith to stop, and he rubbed Victim's arm.  Victim was scared, and moved closer to Mother.  Mother told Smith to stop touching Victim and he "kind of laughed" and rubbed Victim's arm *again*, causing Victim to tear up.  Smith continued to make rude comments as Victim and Mother left the store.  Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, and disregarding any evidence and inferences to the contrary, there was sufficient evidence from which the

---

[5] The only difference between first-degree and second-degree harassment is that second-degree harassment does not require the State to prove the victim actually suffered emotional distress.  Compare § 565.090 with 565.091.  The comment made by the juvenile in **R.M.** was "I wanna fuck you in your big booty, bitch."  625 S.W.3d at 781.  The juvenile's remark came after the officer asked the juvenile several times to get down from the stairs, where he was dangling his legs.  **Id.** at 780

jury could have found that Smith rubbed Victim's arm with the purpose of causing emotional distress. Point 1 is denied.

### Point 2: Victim Suffered Emotional Distress

In point 2, Smith argues the State failed to present sufficient evidence that Victim actually suffered emotional distress. "Emotional distress" means "something markedly greater than the level of uneasiness, nervousness, unhappiness, or the like which are commonly experienced in day-to-day living[.]" § 565.002(7). That emotional distress must be "considerable or substantial to a reasonable person."[6] **R.M.**, 625 S.W.3d at 783.

In support of this argument, Smith directs us to **Nenninger v. Smith**, 400 S.W.3d 400 (Mo. App. W.D. 2013), a case where the Western District determined that a mother, who was seeking a protective order against the father, failed to prove that father caused her substantial emotional distress. In that case, all the mother testified to was that she felt "fearful of and threatened by [the father]" and believed she was suffering from a mild form of post-traumatic stress disorder. **Id.** at 405. The Western District determined this evidence was insufficient, as "[a] small degree of anxiety does not rise to the level of substantial emotional distress." **Id.**

Unlike **Nenninger**, the evidence in this case demonstrated more than just "a small degree of anxiety." Here, the State presented sufficient evidence that Victim suffered emotional distress markedly greater than commonly experienced in day-to-day living. Victim was scared when Smith made rude sexual comments, rubbed her arm,

---

[6] While section 565.090 does not specify that the emotional distress be "substantial," the Supreme Court of Missouri has held that the resulting effects of acts that cause emotional distress must be "substantial" to prevent the statute from being unconstitutionally overbroad. **State v. Vaughn**, 366 S.W.3d 513, 521 (Mo. banc 2012) (analyzing prior version of section 565.090).

6

and she thought he might physically hurt her. She was also scared when Smith ignored Mother's demand to stop touching her and rubbed her arm a second time. After the second touch, Victim teared up. After leaving the store, Mother could see Victim was scared. Victim was starting to cry and was squeezing Mother's hand hard. Victim was crying and emotional when recounting the story to a responding police officer. Victim was scared and nervous that something like what happened in the store would happen again.

Victim cried the entire drive home. She also cried when telling her father what happened. Victim's sleep suffered, and she would wake her parents up if she heard anything outside her bedroom window. Victim became withdrawn and angry after the incident and began taking medication for anxiety and depression. Before the incident, Victim had been a "bubbly happy girl[,]" but afterwards, she could no longer be in public if a man looked in her direction. Victim was scared to go out in public with Mother or to go to stores alone because someone might touch her. Victim also did not want to stay home alone. Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, and disregarding any evidence and inferences to the contrary, there was sufficient evidence from which the jury could have found that Smith caused Victim to suffer substantial emotional distress. Point 2 is denied.

## Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

DON E. BURRELL, J. – CONCURS

7