**STATE of Missouri, Respondent,**

v.

**Darryl FLENOID, Appellant.**

No. 47269.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1984.

Application to Transfer Denied
July 17, 1984.

**376**

Debra Buie Arnold, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Appeal from a jury conviction for possession of more than thirty-five grams of marijuana in violation of § 195.020, RSMo 1978. Defendant, who had four prior convictions (two for drug offenses and two for burglaries), was sentenced by the court as a prior and persistent offender under § 558.016, RSMo 1978, to ten years imprisonment to be served concurrently with a sentence imposed by a federal court. We affirm.

The sole issue raised on this appeal relates to a passage in the prosecutor's rebuttal argument. Two police officers testified they found the marijuana in question stuffed under the front seat of a car defendant was driving. They stated part of the plastic bag containing the drug was in plain view sticking out from under the seat. Defendant and his former girlfriend disputed this testimony.

In his closing argument, defendant's lawyer stated he believed the officers had lied on the witness stand. And, notwithstanding defendant's prior convictions, he had not lied when he testified he did not possess the marijuana.

In the state's rebuttal, the prosecutor replied:

Well, do you believe Officer Nunnally, or do you believe the defendant? I can argue to you, in terms of credibility, do you believe an individual who has been convicted of sale of marijuana, who has been convicted of possession of LSD, who has been convicted of one burglary, who has been convicted of a second burglary, and has most recently been convicted of being a felon in possession of a firearm? Those are the sorts of things that you have to weigh in your balance in terms of deciding who has the motive to lie, who has the motive to tell you something other than the truth.

Defendant objected on the ground this argument in terms of "motive to lie" invited consideration of the prior convictions on the issue of guilt.

The trial court properly overruled the objection because the remarks of the prosecutor were confined to defendant's credibility. The trial judge has wide discretion in controlling the scope of final argument. *State v. Wren,* 643 S.W.2d 800, 802 (Mo.1983). The context of the statement was the credibility of the defendant; the prosecutor prefaced his remarks with the statement he was arguing credibility. *State v. Ray,* 600 S.W.2d 70, 74 (Mo.App. 1980). Use of the term "motive to lie" did not remove the argument from the realm of proper comment on credibility. Also, defense counsel invited a reply to his argument on the defendant's credibility, thereby opening the door on the subject. *State v. Morris,* 662 S.W.2d 884, 890 (Mo.App.1983).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.