STATE of Missouri, Respondent,

v.

David H. POWELL, Appellant.

No. WD 42059.

Missouri Court of Appeals,
Western District.

Jan. 30, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, David H. Powell, appeals his conviction of selling marijuana, in violation of § 195.020, RSMo 1986. Appellant had been charged by way of a felony information with selling marijuana to Eric Protzman.

Eric Protzman was an undercover police officer for the City of St. Joseph, Missouri. The State's evidence at trial was that on December 31, 1987, appellant sold marijuana to Officer Protzman. At the time of the sale Officer Protzman was working with another undercover officer by the name of John Kessler. The State presented evidence that after appellant sold marijuana to Officer Protzman, appellant sold marijuana to Officer Kessler.

Even though appellant had been charged with selling marijuana to Eric Protzman the jury was instructed at the conclusion of the evidence that they were to find appellant guilty if they found that he had sold marijuana to John Kessler. Appellant argues that the crime as submitted to the jury was fatally in variance to the crime charged by the information. Appellant further argues that to remand the cause for a new trial would be in violation of the constitutional guarantee against double jeopardy. The State has filed a motion conceding that there was a fatal variance between the information and the instructions. The State asks that the cause be remanded for new trial.

When an information charges one crime and a new and distinct offense is

submitted to the jury from that from which a defendant was charged, the variance is fatal. *State v. Coleman*, 660 S.W.2d 201, 218 (Mo.App.1983). The variance between the information and the offense submitted to the jury in the case at bar was reversible error.

■ The double jeopardy clause of the Fifth Amendment of the United States Constitution protects a defendant from repeated prosecutions for the same offense, but does not guarantee to a defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. *Oregon v. Kennedy*, 456 U.S. 667, 671–72, 102 S.Ct. 2083, 2087–88, 72 L.Ed.2d 416 (1982). The Fifth Amendment's guarantee against double jeopardy protects a person who has been acquitted from being tried again for the same crime. *Ashe v. Swenson*, 397 U.S. 436, 445–46, 90 S.Ct. 1189, 1195–96, 25 L.Ed.2d 469 (1970). The double jeopardy clause imposes no limitation upon the power of the State to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of the insufficiency of the evidence. *Oregon v. Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089.

Appellant's conviction is reversed and this cause is remanded for a new trial.

All concur.