**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jeffrey A. THOMAS, Defendant–Appellant.**

**Jeffrey A. THOMAS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 55070, 57411.**

Missouri Court of Appeals, Eastern District, Division One.

July 3, 1990.

Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

**REINHARD, Judge.**

A jury convicted defendant of second degree robbery and the trial court sentenced him as a class X offender to a 30 year prison term. He appeals from the conviction and sentence and from the denial, without an evidentiary hearing, of his Rule 29.15 motion. We dismiss.

Briefly stated, the state's evidence was that defendant pulled the victim's purse away from her, breaking the strap, as she walked with groceries in each hand toward her apartment. He pushed her to the ground and she screamed for help. Her husband, accompanied by a friend and the family's Doberman pinscher, ran out of their apartment and a chase ensued. The dog caught defendant at a hospital parking lot. Defendant reached into his pocket and procured a shiny object. The victim's husband removed his belt to defend himself. Defendant began to run, but when he reached the front of the hospital, he threw the purse down and said, "O.K., that's it, it's over with." When the husband reached down to pick up the purse, defendant again began to run. The friend chased him, and with the help of hospital security guards, defendant was finally captured. The victim identified defendant at the hospital, and both she and her husband identified him at trial.

After the jury returned its guilty verdict, defendant absented himself without permission from the courtroom. The court issued a capias warrant and sentenced defendant in abstentia. Defendant was apprehended roughly two months later and was resentenced in accordance with the earlier sentence.

No motion for new trial was filed. Movant filed a pro se Rule 29.15 motion, and appointed counsel filed an unverified amended motion. The motion court, in denying relief, issued detailed findings of fact and conclusions of law.

The state argues that, because defendant absconded, we should not consider his points on appeal. We agree. In the recent case of *Stradford v. State*, 787 S.W.2d 832 (Mo.App.1990), we discussed the "escape rule" which "operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice." *Id.* at 833 (quoting *State v. Wright*, 763 S.W.2d 167,168 (Mo.App.1988)). We held that the rule applies equally to postconviction relief motions as it does to direct appeals: "[I]t seems logical that a principal of law which would deprive an escapee of the right to appeal a possibly legitimate issue would also serve to deprive him of the right to challenge his counsel's performance at trial." *Id.* 787 S.W.2d at 833–835. *Stradford* controls this case.

Appeal dismissed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.