STATE of Missouri, Respondent,

v.

Eric CHANDLER, Appellant.

Eric CHANDLER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60594, 63036.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 31, 1993.

Henry Robertson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Eric Chandler, appeals from judgments of conviction, after a jury trial, of two counts of assault in the first degree, two counts of armed criminal action, and one count of tampering in the second degree. He was sentenced as a class X offender to imprisonment for a total of twenty-five years. He also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm the judgments of conviction; we dismiss defendant's appeal from the denial of his Rule 29.15 motion.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, discloses that defendant and an unidentified accomplice attempted to steal an automobile. The owner's teen-aged children heard the car alarm and went outside to investigate. Defendant's accomplice was in the car and defendant was standing by the driver's window. When defendant spotted the two teenagers, he fired two shots in their direction.

The two would-be car thieves then fled in the car. Within moments, however, they crashed into another car in an adjacent parking lot. A foot chase ensued, involving the St. Louis Housing Authority security guards. During the course of this pursuit, defendant was shot in the left arm by one of the guards. Defendant's gun was recovered in a nearby trash can.

On appeal, defendant first contends the trial court erred in denying his objection, pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the state's use of six peremptory strikes to remove black venirepersons from the jury panel.

■ "Once a party has established a prima facie case under *Batson*, the other party must give race-neutral reasons for the challenged peremptory strikes ... To be sufficient the explanation need only be race-neutral, reasonably specific and clear, and related to the particular case to be tried." *State v. Parker*, 836 S.W.2d 930, 934 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). Once the state has offered sufficient race-neutral explanations for the strikes, the defendant must then show that the state's proffered reasons were merely pretextual and that the strikes were racially motivated. *Id.* at 939.

■ Trial judges are vested with considerable discretion in determining whether the defendant established purposeful discrimination. *State v. Parker*, 836 S.W.2d at 934. Much of their determination turns upon evaluation of intangibles such as credibility and demeanor. *Id.* The trial court's determination regarding purposeful discrimination is a finding of fact that will not be overturned on appeal unless clearly erroneous. *Id.* at 939, n. 7; *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988).

Here, defendant timely made his *Batson* challenge, and the trial court exacted explanations from the prosecutor for the challenged peremptory strikes. An experienced trial judge found the prosecutor's explanations to be valid and race-neutral. We defer to the trial court's assessment of the prosecutor's credibility and his explanations for striking the venirepersons. *State v. Hudson*, 822 S.W.2d 477, 481 (Mo.App.1991). Defendant's first point is denied.

■ Next, defendant claims the trial court erred in allowing the state to impeach one of its own witnesses with prior inconsistent statements.

During direct examination, the state's witness denied that he knew anything about the incident involving the defendant. He did not recall telling the police that he had been shot at during the incident. He denied identifying the person that had fired the shots.

To impeach this testimony, the state offered the testimony of the police officer who took the statement of the witness the morning of the incident. This testimony disclosed that the witness had voluntarily arrived at the site of defendant's capture and had informed the police officer that he had been shot at two times. This testimony also revealed that the witness had identified the defendant as his assailant.

The state offered the statement given to the police officer as substantive evidence pursuant to § 491.074, RSMo (1986), which provides:

> Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under Chapter 565, 566, or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

■ The only necessary foundation for the admission of the statement pursuant to this statute is the inquiry of whether the witness made the statement, and whether the statement is true. *State v. Bowman,* 741 S.W.2d 10, 14 (Mo. banc 1987), *cert. denied,* 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 60 (1988).

Here, the necessary foundation was laid, and the statement was admissible pursuant to the statute because the assault charges were offenses under Chapter 565. Further, the admission of the statement was not prejudicial to the defendant, since the testimony related to the assault on the testifying witness, and the trial court entered judgments of acquittal on those counts. Defendant's second point is denied.

■ Finally, defendant contends the trial court abused its discretion when it refused to permit Dr. Ruggieri, a medical doctor, to testify as an expert witness on behalf of defendant. The defendant desired to offer this testimony as circumstantial evidence that the defendant had never held the assault weapon because it was recovered bloodless and defendant had sustained a gunshot wound.

■ Although defendant timely endorsed Dr. Ruggieri, the defendant failed to supply the state with a report of this expert's findings, pursuant to Missouri Supreme Court Rule 25.05. The state objected to Dr. Ruggieri's testimony on two grounds: violation of Rule 25.05 and relevance. Rule 25.16 gives a trial court broad discretion to impose sanctions for discovery rule violations, including refusing to permit defendant to call his expert as a witness. *See State v. Mansfield,* 637 S.W.2d 699, 703 (Mo. banc 1982). Disallowing otherwise admissible testimony of a defense witness is an extreme remedy that should be used with great caution. *State v. Bashe,* 657 S.W.2d 321, 324 (Mo.App.1983). Here, however, the court disallowed Dr. Ruggieri's testimony on the state's second objection. Following defendant's offer of proof, the trial court ruled that the doctor's testimony was not sufficiently relevant; therefore, it would have been inadmissible even had the defendant complied with Rule 25.05.

■ The trial court has broad discretion concerning the relevance and admissibility of evidence, and its decision will be upheld absent an abuse of that discretion. *State v. Coats,* 835 S.W.2d 430, 433 (Mo.App.E.D. 1992). The expert's opinion must not be based upon assumptions but upon facts within the expert's knowledge or upon a hypothetical question that includes proven facts. *Berra v. Union Elec. Co.,* 803 S.W.2d 188, 192 (Mo.App.1991).

In the offer of proof, the doctor acknowledged that any opinion he could offer as to where the blood from the defendant's wound would have splattered would be speculative. He did not know whether the defendant had wrapped his arm upon sustaining the injury, had not read the police report, and was unfamiliar with the crime scene and the conditions surrounding the weapon's recovery. The doctor's opinion was based upon assumptions, not upon facts within his knowledge or upon a hypothetical that included proven facts. He was able to testify only as to what would generally happen in general circumstances. The trial court properly found this testimony to be irrelevant. Finding no abuse of discretion, we deny defendant's third point.

Defendant's judgments of conviction are affirmed.[1]

REINHARD and CRIST, JJ., concur.

1. Defendant's appeal from the denial of his Rule 29.15 motion is deemed abandoned for failure to brief any allegations of error and is therefore dismissed. *See* Rule 84.04.