STATE of Missouri, Plaintiff–Respondent,

v.

Curtis GRISBY, Defendant–Appellant.

No. 62074.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 14, 1993.

Christine Milligan–Ciha, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Curtis Grisby, Jr., appeals from a judgment of conviction, after a jury trial, for forgery. § 570.090.1(4), RSMo (1986). He was sentenced as a persistent offender to imprisonment for five years. We affirm.

Defendant does not challenge the sufficiency of the evidence. Our review of the record discloses substantial evidence to support defendant's conviction.

Following the jury's verdict, a date was set for sentencing and defendant was permitted to remain on bond. When defendant failed to appear on the sentencing date, his bond was revoked and a capias was issued for his arrest. Sometime thereafter, defendant was returned to custody; and the trial court subsequently sentenced him.

Before discussing the substantive issues on appeal, we address State's contention that the appeal should be dismissed on the basis of the "escape rule." In *State v. Woods,* 861 S.W.2d 326, 329 (Mo.App.S.D. 1993), the court noted that Missouri courts previously dismissed the appeals of defendants who escaped after being convicted. *See, e.g., State v. Cook,* 830 S.W.2d 474, 475 (Mo.App.E.D.1992). The court, however, adopted the holding in *Ortega–Rodriguez v. United States,* —— U.S. ——, ——, 113 S.Ct. 1199, 1208, 122 L.Ed.2d 581, 597 (1993). In that case, the United States Supreme Court

held that the "escape rule" should not be applied automatically by appellate courts when the escape occurred before sentencing and had no impact on the appellate process. *Ortega–Rodriguez,* — U.S. at ——, 113 S.Ct. at 1208. Because the sentencing court is usually the tribunal most directly affected by the escape, the Supreme Court delegated to that court the responsibility to consider the application of the "escape rule." *Id.* at ——, 113 S.Ct. at 1209. In light of this holding, we decline to dismiss the appeal and address the issues.

■ In his first point, defendant contends that the trial court erred in denying his *Batson* challenge and in sustaining the State's use of its peremptory strikes against three African–American venirepersons. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ To establish a prima facie case of discriminatory use of peremptory challenges, a defendant must demonstrate that specific venirepersons struck by the State are members of a cognizable racial group, and that this fact and other relevant circumstances raise an inference that the prosecutor excluded the venirepersons from the petit jury on the basis of race. *State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992), *cert. denied,* — U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). Once a defendant establishes a prima facie case under *Batson,* the State must furnish race-neutral reasons for the challenged peremptory strikes. *State v. Chandler,* 860 S.W.2d 823, 824 (Mo.App.E.D. 1993). To be sufficient, the State's explanations must be race-neutral, be reasonably specific and clear, and be related to the particular case to be tried. *Id.* Assuming the State is able to articulate acceptable reasons for the strikes, the defendant will then need to show that the State's reasons for the strikes were merely pretextual and that the strikes were racially motivated. *Parker,* 836 S.W.2d at 939.

■ Trial judges are vested with considerable discretion in determining whether the defendant established purposeful discrimination. *Parker,* 836 S.W.2d at 934. Much of their determination turns upon evaluation of intangibles, such as credibility and demeanor. *Id.* The trial court's determination regarding purposeful discrimination is a finding of fact that will not be overturned on appeal unless it is clearly erroneous. *Chandler,* 860 S.W.2d at 824.

Here, the trial court exacted explanations from the prosecutor for the challenged peremptory strikes. An experienced trial judge found the prosecutor's explanations to be valid and race-neutral. We defer to the trial court's assessment of the prosecutor's credibility and his explanations for striking the venirepersons. *See Chandler,* 860 S.W.2d at 824.

In addition, after the trial court found that the State's reasons were race-neutral, defendant never argued that the explanations were pretextual. If the trial court and defendant were satisfied with the State's proffered reasons at trial, the appellate court is hardly in a position to disagree. *See State v. Prowell,* 834 S.W.2d 852, 856 (Mo.App.E.D.1992). Defendant's first point is denied.

Defendant's second point claims that the trial court erred in sentencing him, as a matter of evidence, as a persistent offender. We have reviewed defendant's claim of error and find it patently without merit. An extended opinion would serve no jurisprudential purpose. Defendant's second point is denied pursuant to Rule 30.25(b).

■ In his third point, defendant charges error in the trial court's permitting the State to suggest in its closing argument that he had a propensity to commit crimes. Specifically, he challenges the following portion of the prosecutor's argument:

[H]e believes they [the witnesses] are lying . . . Who's got the motive to lie in this case? He's got a big motive, huge motive. His motive is that he knows he's a two-time loser already and he's going to become a three-time loser and is going back to prison and is going to do anything.

Defendant did not object to the prosecutor's remarks at trial and did not raise the issue in his motion for new trial. We therefore review for plain error. Rule 30.20.

■ The trial court has broad discretion in controlling the scope of closing argument.

*State v. Stanley,* 860 S.W.2d 836, 837 (Mo. App.E.D.1993). Here, defendant testified at trial; and the prosecutor's remarks about defendant's prior convictions were merely comments on defendant's credibility. An argument which raises defendant's motive to lie, but which is confined to the issue of his credibility, is proper. *State v. Flenoid,* 671 S.W.2d 375, 376 (Mo.App.1984). There was no showing that the State's closing argument resulted in manifest injustice or a miscarriage of justice. *See* Rule 30.20. Defendant's final point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.