STATE of Missouri, Plaintiff–
Respondent,

v.

David Wayne AKERS, Defendant–
Appellant.

David Wayne AKERS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17723, 19001.

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 1994.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., for respondent.

GARRISON, Judge.

Appellant (Defendant) was convicted by a jury of assault in the first degree by attempting to cause serious physical injury to Dennis

---

Haslag in violation of § 565.050.[1] His appeal from that conviction is Case No. 17723. Before discussing the substantive issue raised by Defendant, however, it is necessary that we address the State's contention that this appeal should be dismissed.

■ Following his conviction, Defendant failed to appear for sentencing and a warrant was issued for his arrest. Sentencing was later rescheduled after Defendant was incarcerated, but he escaped from jail and failed to appear for sentencing a second time. Defendant was eventually sentenced, as a persistent offender, to twenty-five years' imprisonment. Thereafter, he filed a motion to vacate the judgment pursuant to Rule 29.15. The trial court, upon the State's motion, applied the "escape rule" and dismissed Defendant's Rule 29.15 motion. Although Defendant filed a notice of appeal from that dismissal (Case No. 19001), he does not include that in a point relied on or in the argument section of his brief. Accordingly, that claim is deemed abandoned. *See State v. Castilleja,* 837 S.W.2d 577, 579 n. 1 (Mo.App.E.D. 1992); *State v. Henderson,* 824 S.W.2d 445, 447 (Mo.App.E.D.1991).

The State seeks to extend application of the "escape rule" by moving to dismiss this appeal on the theory that by escaping from custody Defendant waived the right to appeal. In *State v. Woods,* 861 S.W.2d 326 (Mo.App.S.D.1993), this court refused to dismiss the appeal of a defendant who absconded after conviction but before sentencing. In that case, we noted that the United States Supreme Court in *Ortega–Rodriguez v. United States,* 507 U.S. ——, ——, 113 S.Ct. 1199, 1208, 122 L.Ed.2d 581, 597 (1993), indi-

cated that the "escape rule" should not be automatically applied by appellate courts when the escape occurred before sentencing and had no impact on the appellate process. In *Ortega–Rodriguez,* the Supreme Court indicated that under such circumstances the sentencing court is usually the one directly affected by the escape and, therefore, should be the one to consider whether the "escape rule" should be applied. *Id.* 507 U.S. at ——, 113 S.Ct. at 1209, 122 L.Ed.2d at 598. *See also State v. Grisby,* 867 S.W.2d 270, 271–72 (Mo.App.E.D.1993). Under these circumstances and the above authorities, we deny the State's request to dismiss this appeal.

■ Defendant's sole contention on this appeal is that the trial court erred in refusing to sustain his motion to dismiss the charge against him, and as a result he was subjected to double jeopardy. He admits that this allegation was not raised in a motion for new trial and requests that we review for plain error. Pursuant to Rule 30.20, plain errors affecting substantial rights may be considered in the discretion of the court when it finds that manifest injustice or a miscarriage of justice has resulted therefrom. Because Defendant alleges a violation of his constitutional right not to be subjected to double jeopardy, we have exercised our discretion to make a plain error review and have searched the record in an effort to glean facts from which a decision on the merits can be made.[2]

Defendant's contention that he was placed under double jeopardy apparently stems from the fact that the conviction from which this appeal flows was the second time he was

1. All statutory references are to RSMo 1986, and rule references are to Missouri Rules of Court, V.A.M.R.

2. Rule 30.06(c) provides that the statement of facts in an appellant's brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination." Defendant's statement of facts in the instant case consists entirely of factual statements concerning the altercation for which Defendant was charged and one paragraph reciting that he was charged and convicted of assault in the first degree under § 565.050, was sentenced to twenty-five years, and has filed a notice of appeal. It contains no facts supporting Defendant's argument that he

filed a motion to dismiss on the basis of double jeopardy or that this conviction infringed on his constitutional rights in that regard.

Rule 30.04(a) provides that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions presented ... to the appellate court for decision." The legal file does not contain the information under which Defendant was originally tried, the docket sheet for that case, or his motion for new trial which was subsequently sustained and which resulted in the trial under consideration here. While these deficiencies would authorize our dismissal of this appeal *sua sponte,* we have chosen not to do so.

tried for assault in the first degree in connection with a single incident. Section 565.050 provides that a person commits assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person. It makes the offense a Class B felony unless serious physical injury is inflicted, in which event it is a Class A felony.

According to the record, Defendant was first tried in August 1989 in the Circuit Court of Pulaski County on a change of venue from Maries County. We glean from one of the verdict-directing instructions given in the first trial that both assault in the first degree by causing serious physical injury and also by attempting to do so were submitted to the jury.[3] It stated, in part:

### Instruction No. 7

If you do not find the defendant guilty of assault in the first degree with serious physical injury as submitted in Instruction No. 6, you must consider whether he is guilty of assault in the first degree under this instruction.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 23, 1988, in the County of Maries, State of Missouri, the defendant attempted to cause serious physical injury to Dennis Haslag by striking him with his fists and kicking him with his feet,

then you will find the defendant guilty of assault in the first degree.[4]

The jury returned a verdict stating: "We, the jury, find the defendant ... guilty of assault in the first degree without serious physical injury as submitted in Instruction No. 7."

Thereafter, the trial court sustained a motion for new trial, but the record contains no indication about the reason for that ruling other than the fact that it was for unspecified error in Instruction No. 7. The State then

entered a *nolle prosequi* of the pending case and filed a new complaint in Maries County charging that Defendant committed the Class B felony of assault in the first degree in that he "attempted to cause serious physical injury to Dennis Haslag." Defendant was again convicted of that offense after his motion to dismiss on the basis of double jeopardy was overruled.

Defendant argues that "because a jury had previously found that he had not caused serious physical injury to Haslag, he could not be retried for attempting to cause serious physical injury to Haslag." We gather from the argument section of his brief that Defendant contends that assault in the first degree by attempting to cause serious physical injury is an offense included in assault in the first degree by causing serious physical injury; that conviction of attempting to cause serious physical injury implies an acquittal of the greater charge; and the acquittal of causing serious physical injury bars a subsequent prosecution for the charge of attempting to do so. His analysis that assault in the first degree by attempting to cause serious physical injury is included in assault in the first degree by actually causing such injuries seems to be confirmed by § 556.046 which provides, in pertinent part:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

. . . .

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Defendant cites *State v. O'Dell,* 684 S.W.2d 453, 465 (Mo.App.S.D.1984), for the proposition that an acquittal of a greater offense in one trial bars a subsequent prosecution for a lesser included offense in a subsequent trial.

---

**3.** The record before us does not indicate whether Defendant was charged in the first case with assault in the first degree by both causing serious physical injury and attempting to do so or if the latter was submitted to the jury on the theory

that it was a lesser included offense in the former.

**4.** Instruction No. 6 is not part of the record before us.

The *O'Dell* case continues, however, by saying, "[b]ut, the double jeopardy clause does not bar a determination of guilt of a lesser included offense in the same trial." *Id.*

■ In the instant case, the jury in the first trial was authorized, under the instructions, to find Defendant guilty of assault in the first degree by causing serious physical injury or by attempting to do so. The jury found him guilty of attempting to cause serious physical injury, and he was retried on that charge only after the trial court sustained his motion for new trial because of an instructional error. The doctrine of double jeopardy does not bar a subsequent prosecution for the same offense where an earlier conviction was overturned because of trial error. *State v. Wilborn,* 812 S.W.2d 913, 918 (Mo.App.E.D.1991); *State v. Holt,* 603 S.W.2d 698, 705 (Mo.App.S.D.1980); *Thompson v. State,* 576 S.W.2d 541, 549 (Mo.App. S.D.1978).

In *State v. Powell,* 783 S.W.2d 489, 490 (Mo.App.W.D.1990), the court cited *Oregon v. Kennedy,* 456 U.S. 667, 671–72, 102 S.Ct. 2083, 2087–88, 72 L.Ed.2d 416 (1982), in saying that "[t]he double jeopardy clause imposes no limitation upon the power of the State to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of the insufficiency of the evidence." In the instant case, Defendant does not contend that the evidence was insufficient to support his first conviction or that his successful motion for new trial was on that basis.

The trial court's action in overruling Defendant's motion to dismiss did not constitute a plain error amounting to a manifest injustice or a miscarriage of justice. Defendant's point is, therefore, denied. The Judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.