TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00759-CR







Carleton Wayne Barrett, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,017, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing a boat from which he knew or should
have known that the permanent serial number had been removed. Act of May 2, 1991, 72d Leg.,
R.S., ch. 113, § 1, 1991 Tex. Gen. Laws 686 (Tex. Penal Code Ann. § 31.11(a)(2), since
amended). Punishment was assessed at imprisonment for two years and a $5000 fine, but
imposition of sentence was suspended and appellant was placed on community supervision.

 Appellant does not challenge the sufficiency of the evidence to sustain the
conviction, but a brief summary of the facts is necessary to understand his point of error. In
September 1993, Dennis Dwayne Davidson called the sheriff's office to report that he had
purchased a boat from appellant but that appellant refused to deliver the title. The boat in
question was a blue 1983 Skeeter bass boat. Deputy George Moffat ran the boat's hull
identification number (HIN) through the computer and learned that the registered owner was
Wayne's Auto Clinic, a business belonging to appellant. (1) Moffat went to appellant's residence,
where he saw the red 1989 Skeeter bass boat that is the object of this prosecution. Moffat noticed
that the red boat displayed the same TX number as the blue boat. (2) Through further investigation,
Moffat learned that the red boat had been reported stolen and that its HIN plate had been removed. 
Another deputy testified that, during a telephone conversation, appellant admitted removing the
HIN number from the red boat so that it could not be traced.

 Appellant testified that the red boat was not stolen, but had come into his
possession through a series of events that we need not detail in this opinion. Appellant denied
removing the HIN number or telling anyone that he had, and testified that he did not know the
number plate was missing until it was brought to his attention by Moffat.

 In his only point of error, appellant contends the district court erred by refusing
to admit the testimony of Karen Wilson, Davidson's former girlfriend. Outside the jury's
presence, Wilson testified that one night in September 1993, Davidson, who was angry with
appellant over a failed business deal, told her that he had removed the number plate from the red
boat.


And he was all upset with Wayne Barrett and he was discussing that, and he said
that if Wayne had ever come near him or anything like that, that he would shoot
him, because he carried around a weapon all the time. And he was drunk at the
time, he was on drugs at the time, and he told me -- he goes, I got him now,
though. He goes, I took the plates off his boat.


Q: Did he say he took the plates off the red boat?


A: Yes, sir, he did.


. . .


Q: Did Dwayne Davidson ask you to do anything to help him get back at -- at
Mr. Barrett?


A: Yes, sir, he did. Dwayne Davidson asked me to take and put poison in the
water troughs for the horses and for -- and the pond for the fish. He also
asked me to take and put sugar or Karo syrup -- excuse me -- in the gas
tanks of Mr. Barrett and Mrs. Barrett's vehicles.


Q: Did you do that?


A: No, sir, I did not.



The State objected that the proffered testimony was hearsay. The objection was sustained and
Wilson did not testify before the jury.

 Appellant argues that Davidson's admission that he removed the number plate from
the red boat was relevant to show that appellant did not know that the number had been removed. 
Appellant urges that the statement was admissible under the hearsay exception for statements
against penal interest. Tex. R. Crim. Evid. 803(24); see Penal Code § 31.11(a)(1) (removing
serial number from personal property). 

 Under rule 803(24), a statement against penal interest is not admissible unless
corroborating circumstances clearly indicate its trustworthiness. The trustworthiness of a
statement against penal interest is clearly indicated when: (1) there is evidence independent of the
statement itself that tends either directly or circumstantially to establish the truth of the matter
asserted by the statement, or (2) there is additional evidence of the veracity of the declarant
beyond that inherent in the potential for criminal liability, such as proof that the statement was
against the declarant's interest to an unusual degree, that the declarant repeated his story often and
consistently, or that he could not have been motivated to falsify. Cunningham v. State, 877
S.W.2d 147, 150 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310 (Tex. Crim. App. 1994). 
Among the factors that may be considered are whether the guilt of the declarant is inconsistent
with the guilt of the accused, whether the declarant was so situated that he might have committed
the crime, the timing of the declaration and its spontaneity, the relationship between the declarant
and the party to whom the statement is made, and the existence of independent corroborating
facts. Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994). Evidence that undermines
the reliability of the statement may also be considered. Id. 

 Aside from the hearsay statement itself, there is no evidence that Davidson removed
the HIN plate from the red boat. Appellant testified that the red boat had been parked at his house
for six months prior to September 1993, but the record is silent as to whether Davidson would
have had access to the boat in order to remove the number plate. The circumstantial evidence is
mixed regarding Davidson's veracity. While Davidson had no obvious motive to lie to his
girlfriend and he made the statement before the police investigation began, the reliability of the
statement was seriously undermined by Wilson's testimony that Davidson was drunk and on drugs
when he spoke.

 The burden of demonstrating the trustworthiness of a hearsay statement against
penal interest lies with the proponent of the evidence, and the burden is not an easy one. Davis,
872 S.W.2d at 749. Where, as here, the circumstances indicating trustworthiness are at least
equally met by circumstances indicating lack of trustworthiness, we cannot say that the district
court abused its discretion by excluding the statement. Cunningham, 877 S.W.2d at 314.

 The point of error is overruled and the judgment of conviction is affirmed.



Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 30, 1995

Do Not Publish
1. A boat's HIN is comparable to an automobile's vehicle identification number (VIN). This
number must be imprinted on the structure of the boat or displayed on a plate permanently
attached to the boat. Tex. Parks & Wild. Code Ann. § 31.043(a) (West Supp. 1995). 
2. The TX number is an identification number comparable to an automobile license number
that must be prominently displayed on the boat's bow. Tex. Parks & Wild. Code Ann. §§
31.021, .032 (West Supp. 1995).